**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| BADIA SHEPHARD, | ) |
| | ) |
| Plaintiff, *pro se*, | ) |
| | ) Civil Action No. 25-cv-04260-LKG |
| v. | ) |
| | ) Dated: August 4, 2026 |
| NVR, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM OPINION**

## I.   INTRODUCTION

In this civil action, the Plaintiff *pro se*, Badia Shephard, brings various claims against the Defendants, NVR, Inc. ("NVR"), NVR Mortgage Finance, Inc. ("NVR Mortgage"), PennyMac Loan Services, LLC ("PennyMac"), S&W Investments II LLC ("S&W"), the Mortgage Electronic Registration Systems, Inc. ("MERS"), the Federal National Mortgage Association ("Fannie Mae"), the Federal Home Loan Mortgage Corporation ("Freddie Mac"), the Government National Mortgage Association ("Ginnie Mae"), James M. Sack, Esq. and John Does 1-10, arising from a mortgage loan to finance the purchase of a certain residential property located in Prince George's County, Maryland.  ECF No. 18.  Defendants NVR, NVR Mortgage and James M. Sack, Esq. (collectively "the Moving Defendants"), have moved to dismiss the claims brought against them in the amended complaint, pursuant to Fed. R. Civ. P. 12(b)(6).  ECF No. 19.  The motion is fully briefed.  ECF Nos. 19, 19-1, 31 and 35.  No hearing is necessary to resolve the motion.  *See* L.R. 105.6 (D. Md. 2025).  For the reasons that follow, the Court: (1) **GRANTS** Defendants NVR, Inc., NVR Mortgage Finance, Inc. and James M. Sack, Esq.'s motion to dismiss (ECF No. 19) and (2) **DISMISSES** all claims brought against the Moving Defendants in Counts I, II, IV, VII, VIII and IX of the amended complaint.

## II.   FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.  Factual Background

In this civil action, the Plaintiff brings various claims against the Moving Defendants, arising from a mortgage loan to finance the purchase of certain real property located at 15701 Norus Street, Upper Marlboro, Maryland 20772 ("the Property").  *See generally* ECF No. 18. In the amended complaint, the Plaintiff asserts the following six claims against the Moving Defendants: (1) Quiet Title (Count I); (2) Declaratory Judgment, 28 U.S.C. § 2201 (Count II); (3) Slander of Title (Count IV); (4) Civil Conspiracy (Count VII); (5) Unjust Enrichment (Count VIII); and (6) Injunctive and Equitable Relief (Count IX).[2]  *See id.* at 12–21.  As relief, the Plaintiff seeks, among other things, a declaratory judgment, injunctive relief, and to recover monetary damages, attorney's fees and costs from the Moving Defendants.  *Id.* at Prayer for Relief.

<u>The Parties</u>

Plaintiff Badia Shephard is a Nevada resident and the owner of certain real property located at 15701 Norus Street, Upper Marlboro, Maryland 20772.  *Id.* at ¶ 16.

Defendant NVR, Inc. is a corporation organized under the laws of Nevada that is licensed to do business in Maryland.  *Id.* at ¶ 17.

Defendant NVR Mortgage Finance, Inc. is a Virginia corporation that is licensed to do business in Maryland.  *Id.* at ¶ 18; *see also State Licensing Information*, NVR Mortgage, https://www.nvrmortgage.com/CompanyStateLicenses.html (last visited July 28, 2026).

Defendant PennyMac Loan Services, LLC is a Delaware limited liability company that is authorized to do business in Maryland.  ECF No. 18 at ¶ 19; *see also State Licenses & Important Information*, PennyMac, https://www.pennymac.com/state-licenses (last visited July 28, 2026).

Defendant S&W Investments II LLC is a West Virginia limited liability company that is authorized to do business in Maryland.  ECF No. 18 at ¶ 20; *see also S&W Investments Group*, State of West Virginia Secretary of State Kris Warner,

---

[1] The facts recited in this memorandum opinion are taken from the amended complaint; the Moving Defendants' motion to dismiss and the memorandum in support thereof; the Plaintiff's response in opposition thereto; and the Moving Defendants' reply brief.  ECF Nos. 18, 19, 19-1, 31 and 35.

[2] The Plaintiff also asserts claims for fraudulent lien (Count III); violations of the Fair Debt Collection Practices Act ("FDCPA") (Count V); and violations of the Real Estate Settlement Procedures Act ("RESPA") (Count VI) against the other Defendants in this civil action.  ECF No. 18.

https://apps.sos.wv.gov/business/corporations/organization.aspx?org=483337 (last visited July 28, 2026).

Defendant the Mortgage Electronic Registration Systems, Inc. is a Delaware corporation that holds itself out as a nominee and mortgagee of record in land records for the benefit of mortgage lenders.  ECF No. 18 at ¶ 21.

Defendant the Federal National Mortgage Association is a federally chartered corporation that purchases and securitizes residential mortgage loans.  *Id.* at ¶ 22.

Defendant the Federal Home Loan Mortgage Corporation is a federally chartered corporation that purchases and securitizes residential mortgage loans.  *Id.* at ¶ 23.

Defendant the Government National Mortgage Association is a government corporation and guarantor of certain mortgage-backed securities.  *Id.* at ¶ 24.

Defendant James M. Sack, Esq. is the named trustee in the original Deed of Trust for Property.  *Id.* at ¶ 25.

Defendants John Does 1-10 are unknown individuals, or entities, that the Plaintiff alleges were involved in conduct related to the Property.  *See id.* at ¶ 26.

Case Background

As background, the Plaintiff is the fee simple owner of the Property, which she purchased on or about April 19, 2018, *via* a warranty deed from Defendant NVR.  *Id.* at ¶¶ 16 and 28.  In the complaint, the Plaintiff alleges that the Defendants have engaged in various unlawful conduct, including, making "fraudulent and unauthorized liens, defective mortgage assignments, unlawful loan servicing conduct, and wrongful foreclosure-related threats," related to the Property.  *Id.* at ¶ 1.

In this regard, the Plaintiff alleges that the warranty deed for the Property identifies a front-foot easement as a lien for water and sewer facilities, for the benefit of Prince George's Utilities, LLC, and specifies an annual assessment in the amount of $675.00 for a 33-year term.  *Id*. at ¶¶ 29 and 29A.  The Plaintiff also alleges that, on or about April 23, 2018, she executed a deed of trust (the "Deed of Trust") on the Property in favor of Defendant NVR Mortgage, with Defendant James M. Sack, Esq. named as the trustee.  *Id*. at ¶ 33.

The Plaintiff further alleges that, on or about November 12, 2018, Defendant MERS executed an assignment of deed of trust purporting to assign the Deed of Trust to Defendant PennyMac.  *Id.* at ¶ 35.  But the Plaintiff alleges that the land records do not contain a clear or

complete chain of title regarding the transfer of the Deed of Trust to Defendant PennyMac. *Id*. at ¶ 37.

In addition, the Plaintiff alleges that, after the assignment of the Deed of Trust, multiple appointments of trustees were executed and recorded with regards to the Property. *Id*. at ¶ 38. But the Plaintiff alleges that these appointments were executed in different states, and that some of the appointments have "irregular or inconsistent notarizations and corporate titles, raising substantial questions as to the authority of the signatories and the existence of any actual underlying transfer . . .." *Id*. at ¶ 39.

Given this, the Plaintiff contends that any claimed interest that Defendant PennyMac has in the Deed of Trust and the Property is defective. *Id*. at ¶ 41. And so, the Plaintiff also contends that the Defendants cannot establish an unbroken, lawful chain of title or clear standing to foreclose on the Property. *Id*. at ¶ 42.

<u>The Plaintiff's Claims Against The Moving Defendants</u>

Relevant to the pending motion to dismiss, in Count I of the amended complaint, the Plaintiff brings a claim to quiet the title under Maryland law against, among others, the Moving Defendants. *Id*. at ¶¶ 82–91. In support of this claim, the Plaintiff alleges that the irregularities and defects in the assignment of the Deed of Trust create a controversy regarding who holds a valid, enforceable lien or right to foreclose on the Property. *Id*. at ¶¶ 85 and 86.

In Count II of the amended complaint, the Plaintiff asserts a declaratory judgment claim against, among others, the Moving Defendants, seeking declarations regarding the parties' respective rights and obligations concerning, among other things, the Property and the Deed of Trust. *Id*. at ¶¶ 92–100A.

In Count IV of the amended complaint, the Plaintiff asserts a slander of title claim against, among others, the Moving Defendants. *Id*. at ¶¶ 111–117. In this regard, the Plaintiff contends that the Defendants who participated in the preparation, execution, or recording of Defendant S&W's statement of lien published false and disparaging statements about the title to the Property. *Id*. at ¶ 112. And so, the Plaintiff seeks to recover monetary damages from the Defendants. *Id*. at ¶ 117.

In addition, in Count VII of the amended complaint, the Plaintiff asserts a civil conspiracy claim against, among others, the Moving Defendants. *Id*. at ¶¶ 140–145. In this regard, the Plaintiff contends that the Defendants "entered into an agreement, understanding, or

4

combination to achieve unlawful objectives," including, among other things: (1) "clouding [her] title [in the Property]"; (2) "coercing payment of debts not lawfully owed"; (3) "facilitating foreclosure without proper standing"; and (4) "profiting from fraudulent or defective liens and instruments." *Id.* at ¶ 141. The Plaintiff also contends that the Defendants committed overt acts in furtherance of the conspiracy, including: (1) "the preparation, execution, notarization, and recording of defective or fraudulent instruments"; (2) "the sending of collection and default letters"; (3) "the initiation of lawsuits"; and (4) "the refusal to correct known servicing errors and title defects." *Id.* at ¶ 143. And so, the Plaintiff seeks to recover monetary damages from the Defendants. *Id*. at ¶ 145.

In Count VIII of the amended complaint, the Plaintiff asserts an unjust enrichment claim against, among others, the Moving Defendants, and she alleges that the Defendants have been unjustly enriched by retaining her mortgage payments since 2018 and the $887,500 negotiable instrument. *Id.* at ¶¶ 146–154. And so, the Plaintiff seeks, among other things, restitution and other equitable relief. *Id*. at ¶ 154.

Lastly, in Count IX of the amended complaint, the Plaintiff asserts a claim for injunctive and equitable relief against, among others, the Moving Defendants, and the Plaintiff alleges that she faces the imminent risk of losing the Property, credit damage and emotional and financial hardship, if the Defendants are not enjoined from pursuing foreclosure on the Property and enforcing the Defendant S&W's lien and related instruments. *Id*. at ¶¶ 155–162. And so, the Plaintiff also seeks "temporary, preliminary, and permanent injunctive relief" to prohibit the Defendants from "initiating or advancing any foreclosure, trustee's sale, or other title-transfer proceedings concerning the Property, and from enforcing or attempting to enforce the fraudulent S&W lien and other defective instruments, pending final determination of the parties' rights." *Id.* at ¶ 162.

The Plaintiff's Remaining Allegations

The Plaintiff also makes several other allegations in the amended complaint regarding the servicing of her mortgage loan, "fraudulent liens," RESPA violations and FDCPA violations.

In this regard, the Plaintiff alleges that Defendant PennyMac made errors regarding the servicing of her mortgage loan for the Property, thereby, causing her mortgage loan account to appear to be delinquent or in default. *Id.* at ¶¶ 43–46. The Plaintiff also alleges that Defendant S&W levied fraudulent liens on the Property and improperly attempted to enforce the liens by

filing a small-claims collection lawsuit against her in state court. *Id.* at ¶¶ 31, 32, 53, 60 and 60A.

In addition, the Plaintiff alleges that, in 2023 and 2024, she sent written disputes and qualified written requests and notices of error to Defendant PennyMac that contested the accounting and handling of her mortgage loan. *Id.* at ¶ 62. But the Plaintiff alleges that Defendant PennyMac failed to perform its duties under RESPA and its implementing regulations, by, among other things, continuing to report her as delinquent or in default on her mortgage loan to credit reporting agencies and sending collection and default notices. *Id.* at ¶¶ 65 and 66.

Lastly, the Plaintiff alleges that Defendant PennyMac improperly retained a negotiable instrument, in the amount of $887,500.00, that she sent on July 18, 2025, and that Defendant PennyMac has continued to send her collection communications, default and acceleration notices, and foreclosure-related threats. *Id.* at ¶¶ 68, 70 and 71. And so, the Plaintiff seeks, among other things, a declaratory judgment, injunctive relief, and to recover monetary damages, attorney's fees and costs from the Defendants. *Id.* at Prayer for Relief.

**B. Relevant Procedural Background**

The Plaintiff commenced this civil action on November 5, 2025, in the Circuit Court for Prince George's County, Maryland. ECF No. 3. The Defendants removed the case to this Court on December 24, 2025. ECF No. 1.

On January 8, 2026, the Plaintiff filed an amended complaint. ECF No. 18. On January 20, 2026, the Moving Defendants filed a motion to dismiss the claims brought against them in the amended complaint, pursuant to Fed. R. Civ. P. 12(b)(6), and a memorandum in support thereof. ECF Nos. 19 and 19-1.

On February 11, 2026, the Plaintiff filed a response in opposition to the Moving Defendants' motion to dismiss. ECF No. 31. On February 17, 2026, the Moving Defendants filed a reply brief. ECF No. 35.

The Moving Defendants' motion to dismiss having been fully briefed, the Court resolves the pending motion.

## II.   LEGAL STANDARDS

### A. *Pro Se* Litigants

The Plaintiff is proceeding in this matter without the assistance of counsel.  And so, the Court must construe the complaint liberally.  *See Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980).  But, in doing so, the Court cannot disregard a clear failure to allege facts setting forth a cognizable claim.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"); *Bell v. Bank of Am., N.A.*, No. 13-478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ("Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obliged to ferret through a [c]omplaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." (quotations and citations omitted)).  And so, if a plaintiff fails to allege sufficient facts setting forth a cognizable claim, the Court must dismiss the complaint.

### B. Fed. R. Civ. P. 8(a) And 12(b)(6)

Under Fed. R. Civ. P. 8(a), a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8(a)(2).  To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp.*, 550 U.S. at 570).

A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted).  But the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . .." *Nemet Chevrolet, Ltd.*, 591 F.3d at 255.

7

In this regard, this Court has recognized that "impermissible group pleading" is insufficient to satisfy the pleading requirement under Fed. R. Civ. P. 8(a). *Dobson v. City of Annapolis, Md.*, No. 25-3128, 2025 WL 2855746, at *2 (D. Md. Oct. 8, 2025). A group pleading is a pleading that "attributes allegations to 'a subset of defendants' rather than to 'a particular defendant.'" *Navient Sols., LLC v. Law Offices of Jeffery Lohman*, No. 19-461, 2020 WL 1867939, at *7 (E.D. Va. Apr. 14, 2020) (quoting *J.A. v Miranda*, No. 16-3953, 2017 WL 3840026, at *3 (D. Md. Sep. 1, 2017)). Such a pleading fails to satisfy the pleading requirement under Fed. R. Civ. P. 8(a), because the Plaintiff is required to plead "sufficient facts to allow the court to infer liability as to *each* defendant." *Langford v. Joyner*, 62 F.4th 122, 126 (4th Cir. 2023) (emphasis in original) (citation omitted). And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Priv. Placement Partners II, L.P. v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989)).

## IV.    ANALYSIS

The Moving Defendants have moved to dismiss the claims brought against them in this case, pursuant to Fed. R. Civ. P. 12(b)(6), on several grounds.

First, the Moving Defendants argue that the Plaintiff fails to state any actionable claims against them in the amended complaint, because the amended complaint does not allege that Defendant James M. Sack, Esq. had any involvement in the initiation of foreclosure proceedings, the recording of substitute trustee appointments, the signing or notarizing of documents related to the Property, or in communicating with the Plaintiff, and the amended complaint also does not allege any specific wrongdoing by Defendants NVR and NVR Mortgage. ECF No. 19-1 at 12–16. Second, the Moving Defendants argue that the Plaintiff's quiet title claim against them cannot survive as a matter of law, because the Plaintiff does not allege that any of the Moving Defendants currently claim a lien, security interest, servicing right or foreclosure right regarding the Property, and a quiet title claim is not the proper vehicle to obtain a declaration that the Plaintiff holds free and clear title in the Property, unless the lien has been satisfied, released, or extinguished. *Id.* at 16–18.

Third, the Moving Defendants argue that the Plaintiff's declaratory judgment claim against them cannot survive as a matter of law, because this remedy is not an independent cause

of action, and the Plaintiff fails to connect any wrongful conduct to the Moving Defendants. *Id.* at 18–20. Fourth, the Moving Defendants argue that the Plaintiff's slander of title claim against them also cannot survive as a matter of law, because the amended complaint does not allege that any of the Moving Defendants recorded S&W's statement of lien or took any other slanderous action. *Id.* at 20–21.

Fifth, the Moving Defendants argue that the Plaintiff's civil conspiracy claim fails as a matter of law, because Maryland does not recognize an independent cause of action for civil conspiracy, and the amended complaint lacks sufficient facts to show that agreement, intent, or unlawful acts by any of the Moving Defendants to support this claim. *Id.* at 21–23. Sixth, the Moving Defendants argue that the Plaintiff's unjust enrichment claim against them also fails as a matter of law, because the amended complaint does not allege facts to show that the Plaintiff specifically conferred a benefit on the Moving Defendants. *Id.* at 24–25.

Lastly, the Moving Defendants argue that the Plaintiff's claim for injunctive and equitable relief against them must also fail as a matter of law, because the amended complaint fails to state a plausible claim against them. *Id.* at 25–26. And so, the Moving Defendants request that the Court dismiss the claims brought against them in Counts I, II, IV, VII, VIII and IX of the amended complaint. *Id.* at 26. In addition, the Moving Defendants request that the Court deny the Plaintiff's request to further amend the amended complaint. *Id.*

The Plaintiff does not directly or substantively respond to the arguments advanced by the Moving Defendants. *See generally* ECF No. 31. But the Plaintiff generally counters in her response in opposition to the Moving Defendants' motion that the Court should not dismiss the claims at issue, because she "pleads distinct roles and conduct" for each of the Moving Defendants in the amended complaint, in compliance with Fed. R. Civ. P. 8(a). *Id.* at 3. The Plaintiff also argues that dismissal of these claims is not warranted, because, among other things: (1) her quiet title and declaratory relief claims are plausibly alleged; (2) discovery is needed to cure the "authority defects" in the amended complaint; (3) the amended complaint alleges sufficient facts to state plausible claims for slander of title, civil conspiracy and unjust enrichment; and (4) her injunctive and equitable relief claims are plausible, because the amended complaint alleges ongoing harm, and the underlying claims in the amended complaint are properly pled. *Id.* at 4–5. And so, the Plaintiff requests that the Court deny the Moving

9

Defendants' motion to dismiss. *Id.* at 6. In the alternative, the Plaintiff seeks leave to further amend the amended complaint. *Id.* at 5–6.

For the reasons that follow, a careful reading of the amended complaint shows that the Plaintiff fails to plead defendant-specific factual allegations against the Moving Defendants to support her claims. The amended complaint also makes clear that the Plaintiff's claims against the Moving Defendants are not plausible. And so, the Court: (1) GRANTS Defendants NVR, Inc., NVR Mortgage Finance, Inc. and James M. Sack, Esq.'s motion to dismiss (ECF No. 19); and (2) DISMISSES all claims brought against the Moving Defendants in Counts I, II, IV, VII, VIII and IX of the amended complaint.

## A. The Plaintiff Improperly Relies Upon "Group Pleadings"

As an initial matter, a careful reading of the amended complaint shows that the Plaintiff fails to plead specific facts regarding the Moving Defendants to support her claims in Counts I, II, IV, VII, VIII and IX of the amended complaint. This Court has recognized that "impermissible group pleading," which is a pleading that "attributes allegations to 'a subset of defendants' rather than to 'a particular defendant,'" is insufficient to satisfy the pleading requirement under Fed. R. Civ. P. 8(a), because the Plaintiff is required to plead "sufficient facts to allow the court to infer liability as to *each* defendant." *Dobson v. City of Annapolis, Md.*, No. 25-3128, 2025 WL 2855746, at *2 (D. Md. Oct. 8, 2025); *Navient Sols., LLC v. Law Offices of Jeffery Lohman*, No. 19-461, 2020 WL 1867939, at *7 (E.D. Va. Apr. 14, 2020) (quoting *J.A. v Miranda*, No. 16-3953, 2017 WL 3840026, at *3 (D. Md. Sep. 1, 2017); *Langford v. Joyner*, 62 F.4th 122, 126 (4th Cir. 2023) (emphasis in original) (citation omitted).

In this case, a careful reading of the amended complaint makes clear that the Plaintiff does not allege specific facts related to the conduct of the Moving Defendants to support her claims against these Defendants, as required under Fed. R. Civ. P. 8(a)(2). Rather, the Plaintiff generally alleges that "all Defendants" in this case have engaged in wrongful and unlawful conduct related to the Property, without providing specific factual allegations to show how the Moving Defendants committed any alleged wrongful or unlawful conduct. *See generally* ECF No. 18; *see also Dobson*, 2025 WL 2855746, at *2 (holding that the plaintiff's complaint fails to comply with Fed. R. Civ. P. 8(a), because the plaintiff relies on impermissible group pleading).

For example, the Plaintiff generally alleges that: (1) the "Defendants claim, or may claim, interest adverse to Plaintiff's title . . ." (ECF No. 18 at ¶ 85); (2) the "Defendants cannot

10

demonstrate an unbroken chain of title to the promissory note and Deed of Trust . . ." (*id*. at ¶ 94); and (3) "S&W, and any other Defendant who participated in the preparation, execution, or recording of the S&W 'Statement of Lien,' published false and disparaging statements about Plaintiff's title to the Property . . ." (*id*. at ¶ 112). The Plaintiff also generally alleges that: (1) the "Defendants . . . entered into an agreement, understanding or combination to achieve unlawful objectives . . . and [e]ach Defendant committed one or more overt acts in furtherance of the conspiracy" (*id*. at ¶¶ 141 and 143); and (2) "[t]o the extent that any of the Defendants received payments, fees, or benefits from Plaintiff . . ., such Defendants have been unjustly enriched" (*id*. at ¶ 149).

Such generalized allegations are insufficient to put the Moving Defendants on notice regarding the factual basis for the Plaintiff's claims against them in this matter. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (holding that the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). And so, the Court must DISMISS the Plaintiff's claims against the Moving Defendants for failing to satisfy the pleading requirements under Fed. R. Civ. P. 8(a).

**B. The Plaintiff Fails To State Plausible Claims Against The Moving Defendants**

Notwithstanding the Court's concerns about generalized pleading in the amended complaint, a careful reading of the amended complaint also shows that the Plaintiff fails to state plausible claims against the Moving Defendants in this case. And so, for the reasons below, the Court also DISMISSES the claims brought against these Defendants, pursuant to Fed. R. Civ. P. 12(b)(6).

1. The Plaintiff Fails To State A Quiet Title Claim

First, the amended complaint fails to state a plausible claim to quiet title against the Moving Defendants. Under Maryland law, an action to quiet title requires the presence of adverse claims to the Plaintiff's real property. *See Est. of Zimmerman v. Blatter*, 183 A.3d 223, 236 (Md. 2018). Here the Plaintiff generally alleges in the complaint that "Defendants claim, or may claim, interests adverse to [the] Plaintiff's title" without holding a valid or enforceable lien. ECF No. 18 at ¶ 85. But the amended complaint lacks factual allegations to show that any of the Moving Defendants assert adverse interest or encumbrances against the Plaintiff's property, such

as a lien, security interest, servicing right, or foreclosure right.  *See generally id.*  And so, the Court DISMISSES the Plaintiff's claim to quiet title against the Moving Defendants.

   2. <u>The Plaintiff Fails To State A Declaratory Judgment Claim</u>

Second, the amended complaint fails to state a plausible claim for declaratory judgment against the Moving Defendants.  The Declaratory Judgment Act, 28 U.S.C. § 2201(a), creates a federal remedy for "case[s] of actual controversy," but this statute does not create an independent cause of action.  28 U.S.C. § 2201(a); *Durham v. Home Partners Holdings LLC*, No. 23-03490, 2024 WL 4955279, at *7 (D. Md. Dec. 3, 2024).  Here, the Plaintiff generally alleges in the amended complaint that, "[a]n actual, present, and justiciable controversy exists between Plaintiff and Defendants . . ." involving recorded liens and instruments, enforcement of promissory notes and the Deed of Trust, and the tender of an $887,500 instrument to PennyMac. *See* ECF No. 18 at ¶¶ 93–100A.  But the Plaintiff fails to allege facts to show that an actual, concrete controversy exists between her and the Moving Defendants to obtain declaratory judgment as a remedy.  And so, the Court DISMISSES the Plaintiff's declaratory judgment claim against the Moving Defendants.

   3. <u>The Plaintiff Fails To State A Slander Of Title Claim</u>

Third, the amended complaint fails to state a plausible slander of title claim against the Moving Defendants.  To state a claim for slander of title, the Plaintiff must show "(1) a false statement, (2) that the false statement was communicated to someone else (publication), (3) malice, and (4) special damages."  *Wal-Mart Real Est. Bus. Tr. v. Garrison Realty Invs.*, *LLC*, 657 F. Supp. 3d 757, 764 (D. Md. 2023) (quotation omitted).  Here, however, the amended complaint does not mention that any of the Moving Defendants published or recorded false instruments or took any slanderous action whatsoever.  *See generally* ECF No. 18.  And so, the Court DISMISSES the Plaintiff's slander of title claim against the Moving Defendants.

   4. <u>The Plaintiff Fails To State A Civil Conspiracy Claim</u>

Fourth, the amended complaint fails to state a plausible civil conspiracy claim against the Moving Defendants.  This Court does not recognize civil conspiracy as an independent cause of action; rather, a "defendant's liability for civil conspiracy depends entirely on its liability for a substantive tort."  *Hejirika v. Md. Div. of Corr.*, 264 F. Supp. 2d 341, 346-47 (D. Md. 2003) (quotation omitted).  Here, a careful reading of the amended complaint makes clear that the Plaintiff has not successfully pled any substantive tort against the Moving Defendants,

12

because, as the Court has previously stated, the amended complaint is devoid of Defendant-specific allegations to show that the Moving Defendants committed unlawful conduct to be held liable under the six related claims (Counts I, II, IV, VII, VIII and IX).  And so, the Court DISMISSES the Plaintiff's civil conspiracy claim against the Moving Defendants.

     5.   <u>The Plaintiff Fails To State An Unjust Enrichment Claim</u>

The amended complaint similarly fails to state a plausible unjust enrichment claim against the Moving Defendants.  To state an unjust enrichment claim under Maryland law, the Plaintiff must, among other things, allege facts to show that she conferred a benefit on these Defendant.  *See Lacks v. Ultragenyx Pharm., Inc.*, 734 F. Supp. 3d 397, 408 (D. Md. 2024); *see also Yost v. Early*, 589 A.2d 1291, 1302 (Md. Ct. Spec. App. 1991).  In the amended complaint, the Plaintiff generally alleges that "[she] conferred significant benefits on PennyMac and related Defendants by making mortgage payments totaling more than $150,000 since 2018."  ECF No. 18 at ¶ 147.  The Plaintiff also alleges that she "conferred a substantial benefit on [Defendant] PennyMac by tendering the $887,500 Instrument, which PennyMac accepted and retained."  *Id.* at ¶ 148.  But there are no factual allegations in the amended complaint to show that the Plaintiff conferred the $887,500 negotiable instrument, her $150,000 in mortgage payments, or any other benefit on any of the Moving Defendants.  *See generally id.*  Given this, the Plaintiff has not plausibly alleged an unjust enrichment claim against the Moving Defendants.  And so, the Court DISMISSES the Plaintiff's unjust enrichment claim against the Moving Defendants.

     6.   <u>The Plaintiff Fails To State A Claim For Injunctive And Equitable Relief</u>

Lastly, the Court agrees with the Moving Defendants that amended complaint fails to state a plausible claim for injunctive and equitable relief, because the Plaintiff does not otherwise state plausible claims against these Defendants.  Courts in the Fourth Circuit recognize injunctive and equitable relief as available remedies to vindicate unlawful acts, not independent causes of actions.  *See Sol v. M&T Bank*, 713 F. Supp. 3d 89, 112 (D. Md. 2024); *see also Pinnacle Min. Co., LLC v. Bluestone Coal Corp.*, 624 F. Supp. 2d 530, 539 (S.D.W. Va. 2009).  As discussed above, the Plaintiff fails to allege facts to show that Moving Defendants engaged in any unlawful or wrongful conduct to support her substantive claims in this case.  And so, the Court must also DISMISS the Plaintiff's claim for injunctive and equitable relief against the Moving Defendants.

13

V.    **CONCLUSION**

For the foregoing reasons, the Court:

(1) **GRANTS** Defendants NVR, Inc., NVR Mortgage Finance, Inc. and James M. Sack, Esq.'s motion to dismiss (ECF No. 19); and

(2) **DISMISSES** all claims brought against the Moving Defendants in Counts I, II, IV, VII, VIII and IX of the amended complaint.

A separate Order shall issue.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

14